## In the Circuit Court of the 3rd Judicial Circuit Madison County, Illinois

**NEELIMA MADALA,**

        Plaintiff(s),

vs.

**SODREL TRUCK LINES AND STEPHEN M. FORREST,**

        Defendant(s).

**Case No.: 21L 000514**

**AFFIDAVIT OF SERVICE**

---

On _____ at _____ AM / PM, I served the within SUMMONS/COMPLAINT on TRUCK LINES, Defendant(s).

Said service was effected at _____, _____, ____,

in the following manner:

☐ **Registered Agent:** By leaving a copy of the SUMMONS/COMPLAINT with

_____, the registered agent of TRUCK LINES.

☐ **Officer/Agent:** By leaving a copy of the SUMMONS/COMPLAINT with:

_____, _____, who is an officer or agent of TRUCK LINES.

☐ **Other:** By leaving a copy of the SUMMONS/COMPLAINT with:

_____, _____.

Addl Comments: _____

Description of person process was left with:

Sex:_____ Race:_____ Approx. Age:_____ Height:_____ Weight:_____

Signed and sworn to before me on this _____ day of _____, 20____.

X_____

_____
(Print Name/Perc#)
BROWN & BROWN LLP
1 MEMORIAL DRIVE 11TH FLOOR
ST LOUIS, MO RetDate FileDate04/28/2021

_____
Notary Public

*1074943*

**EXHIBIT 1**

IN THE CIRCUIT COURT – 3rd JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

NEELIMA MADALA, )
      Plaintiff, )     2021L 000514
) 
v. ) 
) 
SODREL TRUCK LINES, et.al. ) 
      Defendants. ) 

**SUMMONS**
(Amount Claimed: In excess of $50,000.00)

**SERVE: SODREL TRUCK LINES One Sodrel Drive Jeffersonville, IN 47130**

**TO DEFENDANT SODREL TRUCK LINES:**

    You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

    If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

    If you are unable to pay your court fees, you can apply for a fee waiver. for information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

TO THE PROCESS SERVER: This summons must be returned by the person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. This summons may not be served later than 30 days after its date. If service cannot be made, this summons shall be returned so endorsed.

Dated: 4/28/2021

/s/ Thomas McRae

Clerk of Courtby:/s/ Stacey Turner

Attorneys for Plaintiff:
Brown & Brown LLP
Daniel P. Finney, III - #6298368
dfinney@brownlawoffice.com
One Memorial Drive, 11th Floor
St. Louis, MO 63102
618.234.4878

SERVICE DATE: _____
(To be inserted by process server on copy left with the defendant or other person)

Case No. 20-L-
SUMMONS (CONT.)

**I certify that I served this summons on defendant as follows:**

(a) - (Individual defendant - personal)
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

Name of Defendant        Place of Service        Date of service




(b) - (Individual defendant - abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

Name of Defendant   Person with whom left        Date of service        Date of mailing




(c) - (Corporation defendant):
By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

Defendant corporation        Registered agent officer or agent        Date of service




(d) - (Other service):




FEES:
Service and return   $ _____        Signature of Process Server
Miles                $ _____
Total                $ _____

***EFILED***
Case Number 2021L 00051
Date: 4/28/2021 12:40 PM
Thomas McRae
Clerk of Circuit Cour
Third Judicial Circuit, Madison County Illinoi

IN THE CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| NEELIMA MADALA,<br>    Plaintiff,<br>v.<br><br>SODREL TRUCK LINES,<br>and,<br>STEPHEN M. FORREST,<br>    Defendants. | )<br>)<br>)   2021L 000514<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Count I - Negligence Claim Against Sodrel Truck Lines

Now comes Plaintiff, NEELIMA MADALA, and for this Complaint against Defendant, SODREL TRUCK LINES, states as follows:

1. On or about September 13, 2019, NEELIMA MADALA was the driver of a motor vehicle traveling in a southbound direction on I-55 at or near its intersection with Milepost 11.4, in the City of Collinsville Township, County of Madison, State of Illinois.

2. At the said time, Defendant STEPHEN M. FORREST was an employee or agent of Defendant SODREL TRUCK LINES, and was operating a tractor trailer owned by SODREL TRUCK LINES which was traveling in a northbound direction on I-55 at or near its intersection with Milepost 11.4, in the City of Collinsville Township, County of Madison, State of Illinois.

3. It was then and there the duty of Defendant SODREL TRUCK LINES, through its agents and employees, to operate the tractor trailer with reasonable care for the safety of other persons and for their property.

Case# _____ ~ Page 1 of 5

4. Despite Defendant SODREL TRUCK LINES's said duty and in violation thereof, Defendant SODREL TRUCK LINES's agent or employee, STEPHEN M. FORREST, then and there negligently and carelessly acted or failed to act in one or more of the following ways:

    a. Failed to stop or swerve his tractor trailer at the appearance of danger in order to avoid a collision with another vehicle.

    b. Drove his tractor trailer without keeping it under sufficient control to be able to stop or swerve the said tractor trailer at the appearance of danger in order to avoid a collision with another vehicle.

    c. Drove his tractor trailer at a speed that was greater than reasonable and proper with regard to the traffic conditions and the use of the area.

    d. Drove his tractor trailer without keeping an adequate lookout ahead and to the side.

    e. Failed to equip his tractor trailer with adequate brakes.

    f. Negligently and carelessly failed to stop or yield the right of way in compliance with the traffic signal erected at said intersection.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, the tractor trailer operated by Defendant SODREL TRUCK LINES's agent and employee, STEPHEN M. FORREST, collided with NEELIMA MADALA's vehicle.

6. As a direct and proximate result of the foregoing, NEELIMA MADALA was caused to suffer a loss of normal life, permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to her usual duties and affairs; and has suffered pain and anguish, both in mind and body, and will in the future continue to suffer.

7. On the date and time in question, Defendant STEPHEN M. FORREST was an agent or employee of Defendant SODREL TRUCK LINES working in the course and scope of his agency or employment with Defendant SODREL TRUCK LINES.

8. On the date and time in question, Defendant SODREL TRUCK LINES entrusted a tractor trailer under its control to Defendant STEPHEN M. FORREST.

9. On the date and time in question, Defendant SODREL TRUCK LINES had the right of control over the tractor trailer that was entrusted to Defendant STEPHEN M. FORREST.

10. On the date and time in question, Defendant SODREL TRUCK LINES was liable for Defendant STEPHEN M. FORREST's acts and omissions as stated in this cause of action under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff, NEELIMA MADALA, asks for judgment against Defendant, SODREL TRUCK LINES, in a sum in excess of Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count II - Negligence Claim Against STEPHEN M. FORREST

Now comes Plaintiff, NEELIMA MADALA, and for this Complaint against Defendant, STEPHEN M. FORREST, states as follows:

1. On or about September 13, 2019, NEELIMA MADALA was the driver of a motor vehicle traveling in a southbound direction on I-55 at or near its intersection with Milepost 11.4 in the City of Collinsville Township, County of Madison, State of Illinois.

2. At the said time, Defendant STEPHEN M. FORREST, was operating a tractor trailer owned by Defendant SODREL TRUCK LINES traveling in an southbound

direction on I-55 at or near its intersection with Milepost 11.4 in the City of Collinsville Township, County of Madison, State of Illinois.

3. It was then and there the duty of the Defendant STEPHEN M. FORREST to operate his tractor trailer with reasonable care for the safety of other persons and for their property.

4. Despite Defendant STEPHEN M. FORREST's said duty and in violation thereof, the Defendant then and there negligently and carelessly acted or failed to act in one or more of the following ways:

    a. Failed to stop or swerve his tractor trailer at the appearance of danger in order to avoid a collision with another vehicle.

    b. Drove his tractor trailer without keeping it under sufficient control to be able to stop or swerve the said vehicle at the appearance of danger in order to avoid a collision with another vehicle.

    c. Drove his tractor trailer at a speed that was greater than reasonable and proper with regard to the traffic conditions and the use of the area.

    d. Drove his tractor trailer without keeping an adequate lookout ahead and to the side.

    e. Failed to equip his tractor trailer with adequate brakes.

    f. Negligently and carelessly failed to stop or yield the right of way in compliance with the traffic signal erected at said intersection.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, the tractor trailer operated by Defendant STEPHEN M. FORREST collided with NEELIMA MADALA's vehicle.

6. As a direct and proximate result of the foregoing, NEELIMA MADALA was caused to suffer a loss of normal life, permanent injuries and damages, both externally

and internally; was and will be hindered and prevented from attending to her usual duties and affairs; and has suffered pain and anguish, both in mind and body, and will in the future continue to suffer.

WHEREFORE, Plaintiff NEELIMA MADALA, asks for judgment against Defendant, STEPHEN M. FORREST, in a sum in excess of Fifty-Thousand Dollars ($50,000.00), plus costs.

NEELIMA MADALA

By: _____
Daniel P. Finney, III - #6298368
dfinney@brownlawoffice.com
BROWN & BROWN LLP
One Memorial Drive, 11th Floor
St. Louis, MO 63102
618-888-8888 Telephone
618-234-4878 Facsimile
Attorneys for Plaintiff

***EFILED***
Case Number 2021L 00051
Date: 4/28/2021 12:40 PI
Thomas McRa
Clerk of Circuit Cou
Third Judicial Circuit, Madison County Illinoi

IN THE CIRCUIT COURT – 3rd JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| NEELIMA MADALA, )<br>    Plaintiff, )<br>v. )<br>)<br>SODREL TRUCK LINES, )<br>and, )<br>STEPHEN M. FORREST, )<br>    Defendants. ) | 2021L 000514 |

### SUPREME COURT RULE 222 DAMAGES AFFIDAVIT

Plaintiff, NEELIMA MADALA, on information and belief, intends to claim an amount in excess of $50,000.00 in this cause of action.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify by signing below that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                              NEELIMA MADALA

                                              By: /s/ Daniel P. Finney, III
                                                  Daniel P. Finney III - #6298368
                                                  dfinney@brownlawoffice.com
                                                  BROWN & BROWN LLP
                                                  One Memorial Drive, 11th Floor
                                                  St. Louis, MO 63102
                                                  618-888-8888 Telephone
                                                  618-234-4878 Facsimile
                                                  Attorneys for Plaintiff